Plaintiff-appellant/cross-appellee, Samuel Wilson ("Wilson"), administrator of the estate of Tamara Wilson, deceased, and intervening plaintiff/appellant, Prudential Insurance Company ("Prudential"), appeal a declaratory judgment by the Butler County Court of Common Pleas in which the trial court found that defendant-appellee/cross-appellant, Fidelity Acceptance Corporation ("Fidelity"), and their insurer, the Travelers Indemnity Company ("Travelers"), were not liable for damages arising from an accident caused by third party defendant, Keith U. Brooks. Because we find that Fidelity was not the owner of the vehicle at issue for insurance purposes, we affirm.
On November 20, 1995, Keith U. Brooks was driving the subject vehicle, a 1994 GMC Jimmy owned by his father, Keith J. Brooks. Keith U. Brooks was involved in an accident, which caused the death of Tamara Wilson, Wilson's seventeen-year-old daughter.
Months before this tragic accident, the vehicle had been repossessed by Fidelity from a prior owner and offered for sale at Fidelity's West Carrollton Branch. On June 9, 1995, Keith J. Brooks took possession of the vehicle and signed an itemization, Promissory Note and Security Agreement. Fidelity did not provide Keith J. Brooks with a certificate of title. Keith J. Brooks provided Fidelity with a check for $852.50. Fidelity learned that this check was not going to be honored and therefore on the date of the accident Fidelity had not yet transferred official title to Keith J. Brooks. However, Keith J. Brooks made payments on the loan, and Fidelity accepted such payments under the Security Agreement and never instituted any repossession proceedings against him. Keith J. Brooks' possession and ownership (subject to the security agreement) of the vehicle was therefore uninterrupted from June 9, 1995 until the date of the accident, November 20, 1995.
On September 12, 1996, Wilson filed a complaint for the wrongful death of Tamara Wilson. The named defendants were Keith U. Brooks, the driver of the vehicle, and Fidelity as purported owner and their insurer, Travelers. Fidelity and Travelers filed an answer and cross-claim and sought a declaratory judgment that Keith J. Brooks was the owner of the vehicle at the time of the fatal accident. Prudential filed an intervening complaint to be added as a party plaintiff because Prudential had paid $100,000 to the estate pursuant to its insurance policy with Wilson.
On September 22, 1997, the trial court granted declaratory judgment to Fidelity and Travelers. The trial court found that "for insurance purposes * * * title to the Jimmy passed to Keith J. Brooks at the time and place at which Keith J. Brooks took possession of said vehicle, i.e., on June 9, 1995 in the parking lot of the West Carrollton branch office of Fidelity."
Following the declaratory judgment ruling, summary judgment was granted on April 23, 1998 to Wilson against Keith U. Brooks on the issues of negligence and causation in Tamara Wilson's death. A bench trial on damages was held on May 4, 1998. The trial court noted its earlier rulings on the declaratory judgment and summary judgment motions and found that, based on the testimony and exhibits presented at the damages hearing, judgment should be granted to Wilson against Keith U. Brooks only in the amount of $1,152,175.47, and that $100,000 of that amount should be awarded to Prudential under its subrogation rights.
Appellants (Wilson and Prudential) have raised substantially similar assignments of error in which they argue, as stated by Prudential, that: 1) The trial court erred in finding that a sale occurred[1] and 2) The trial court erred in finding that title to the vehicle transferred to Keith J. Brooks upon his purchase of the vehicle.[2]
These assignments of error are related, as both require us to determine the ownership of the vehicle for insurance purposes. Therefore, they will be addressed together. Appellants essentially argue that Fidelity was still the owner of the vehicle because a certificate of title had not passed from Fidelity to Keith J. Brooks prior to the date of the accident.
Although it is undisputed that Fidelity did not issue a certificate of title to Keith J. Brooks prior to the accident, that fact is not relevant. In Smith v. Nationwide Mut. Ins. Co.
(1988), 37 Ohio St.3d 150, 153, the Ohio Supreme Court held that Ohio's Certificate of Title Act (R.C. 4505.04) is "irrelevant to all issues of ownership except those regarding the importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership." (Emphasis added.) In Smith, the purchaser of an automobile in a private transaction had received an imperfect title (no notarization) from the previous owner. The court held that for insurance purposes technicalities of title transfer would not control. Rather, the provisions of the Uniform Commercial Code determined motor vehicle ownership and "after the owner is identified, claims to insurance benefits attach to the owner's insurer." Smith, 37 Ohio St.3d at 153. The court specifically found that the provisions of R.C. 1302.42(B) identify the owner of a motor vehicle for purposes of determining insurance coverage in case of an accident.[3]
R.C. 1302.42(B) provides:
 Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place. (Emphasis added.)
Here, the vehicle at issue is the "goods," and although Fidelity certainly retained a security interest in that vehicle, "title" in the sense of ownership passed, as the trial court found, from Fidelity to Keith J. Brooks when he received the key to the vehicle and drove it off of Fidelity's lot.
Appellants argue that the title did not pass because Keith J. Brooks' check had not cleared. However, this only caused thedocument of title not to be delivered. Appellants also argue that Fidelity was in violation of R.C. 4505.18(B), which provides that no person shall display for sale a motor vehicle without having obtained a certificate of title, and R.C. 4505.03, which provides that no person shall sell a motor vehicle without delivering to the buyer a certificate of title. Both provisions were arguably violated; however, such certificate of title irregularities are irrelevant for insurance purposes, as Smith
explicitly held. Therefore, we find that a sale did occur and that appellants' first assignments of error are without merit.
In their second assignment of error appellants argue that even if a sale did occur, according to R.C. 1302.42(C), title did not pass until delivery of the title documents. Appellants argue that R.C. 1302.42(C) rather than R.C. 1302.42(B), is applicable to this transaction. This argument is without merit. R.C. 1302(B) is applicable to the majority of sales contracts where the goods move from the seller to the buyer. However, under certain circumstances the goods stay on the seller's premises until later. It is these situations which R.C. 1302.42(C) addresses.
R.C. 1302.42(C) provides in pertinent part that
 Unless otherwise explicitly agreed where delivery is to be made without moving the goods
 (1) If the seller is to deliver the document of title, title passes at the time when and the place where he delivers such documents; or
 (2) If the goods are at the time of contracting already identified and no documents are to be delivered, title passes at the time and place of contracting. (Emphasis added.)
This provision does not apply here because delivery was indeed made by moving the goods, i.e., the vehicle. Delivery was made at the seller's place of business and the vehicle was moved off that place of business into the ownership and possession of Keith J. Brooks.
Appellants' reliance on Grange v. Mut. Cas. Co. v. Smith
(1992), 80 Ohio App.3d 426, is misplaced. In Grange, the court did hold that under some circumstances the provisions of R.C.1302.42(C) would be applicable for insurance purposes. However, it is clear that such circumstances are not present in the casesub judice. In Grange, the potential buyer in an intra-family transaction had possession and full use of the vehicle before any formal transfer of ownership was contemplated, therefore, delivery was made without "moving the goods." The court noted that R.C.1302.42(B) contemplates physical delivery of the subject goods, whereas R.C. 1302.42(C) contemplates 'delivery' where the goods are not to be moved." Grange, 80 Ohio App.3d at 432.
One of the cases which the Grange court cited as reaching a different result was Nationwide Mut. Ins. Corp v. Hardesty (Mar. 20, 1989), Ross App. No. 1501, unreported. In Hardesty, the court noted that Smith v. Nationwide, 37 Ohio St.3d 150, was controlling and found that the party who had possession of the motorcycle and was making payments was the owner for insurance purposes, even though the injured party (Hardesty) actually had legal title and was in that sense also an "owner." Similarly, here, although Fidelity had not yet completely transferred full legal title to Keith J. Brooks, he had possession and was making payments and was the owner for insurance purposes under the analysis mandated by the Supreme Court in Smith. Therefore, appellants' second assignments of error are also overruled.
Appellant Wilson also argues in a third assignment of error not raised by Prudential that the trial court erred when it held that the insurance policy which Travelers had issued to Fidelity did not provide coverage for the accident. This assignment merely restates the arguments in the first and second assignments by alleging that if there is no sale then the policy covers the vehicle because it contains a provision allowing coverage for any person using a covered auto "by permission." Appellant also argues that the vehicle is covered because Fidelity is still the owner and the vehicle is thus somehow "held for sale" and covered under that provision of the policy.
Neither argument has merit for the reasons discussed above. For purposes of insurance coverage, Keith J. Brooks was the owner of the vehicle at the time of the accident; therefore, no provisions of the Travelers policy provided coverage to Fidelity for that vehicle and Wilson's third assignment of error is overruled.
In their cross-appeal, Fidelity and Travelers raised an assignment of error which was expressly conditional upon our rulings on appellants' assignments of error, stating:
 IN THE EVENT DECLARATORY JUDGMENT IS OVERRULED IT WOULD BE ERROR FOR APPELLEES/CROSS-APPELLANTS TO BE BOUND BY THE TRIAL COURT'S DETERMINATION OF DAMAGE IN ITS MAY 28, 1998 JUDGMENT ENTRY.
Because we have not overruled the trial court's declaratory judgent in favor of Fidelity and Travelers the conditional cross-appeal has been rendered moot.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.
[1]Samuel Wilson's first assignment of error states:
 The trial court erred, to the prejudice of the Appellants, in finding that a "sale" of the 1994 GMC occurred, and that Appellee, Fidelity Acceptance Corp. was not the owner of the vehicle on November 20, 1995, the date of the accident.
[2]Wilson's second assignment of error states:
 The trial court erred to the prejudice of the Appellants, in finding that title passed to Keith J. Brooks on June 9, 1995, if there was a "sale" of the 1994 GMC.
[3] 3. In fact, one commentator has noted that it is probably unethical for attorneys to argue otherwise. Garner, Crash Course in Title Law — Questionable Ethics Arising in Negligence Cases (May/June 1999), Ohio Lawyer 11.